409 So.2d 579 (1982)
Henry and Clara COLLINS
v.
CAPITAL VALVE AND FITTING COMPANY, et al.
No. 81-C-1976.
Supreme Court of Louisiana.
January 25, 1982.
Rehearing Denied February 19, 1982.
Joseph A. Gladney, of Joseph A. Gladney & Associates, Baton Rouge, for plaintiff-applicant.
James B. Doyle, of Doyle & Simmons, Baton Rouge, for defendant-respondent.
BLANCHE, Justice.
This is a tort suit to recover damages resulting from an automobile accident and *580 the sole issue presented concerns the interruption of prescription.
Clara Collins was injured in an automobile accident on October 3, 1979. In December 1979, the defendant's insurer issued a draft in the names of both Henry and Clara Collins in payment of the property damage to the automobile. On October 23, 1980 the plaintiffs filed suit for medical expenses, lost wages and personal injuries, and this suit was met with a plea of prescription. The trial court sustained the plea but then overruled it on rehearing, citing Flowers v. U. S. F. & G., 381 So.2d 378 (La.1980) and Richardson v. Louisiana Farm Bureau Mutual Ins. Co., et al., 393 So.2d 200 (1st Cir. 1981). The court of appeal found that the trial court erred in interpreting Flowers and Richardson too broadly, and held that payment to Mr. and Mrs. Collins only acknowledged the community's claim for property damage and did not affect prescription on other elements of damage. We affirm the holding of the court of appeal.
In Flowers, Mrs. Flowers was injured when defendant's insured struck the family vehicle. We held that tacit acknowledgment of the community claim for medical expenses by partial payment to Mr. Flowers did not interrupt prescription on Mrs. Flowers' separate action for her personal injuries. Therefore, when Mrs. Flowers filed suit to recover damages for her personal injuries more than one year after the accident, defendant's plea of prescription was sustained.
It is not necessary to address the arguments made by plaintiffs concerning the effect of Flowers because we find that is not controlling in this case. Flowers dealt with the effect of acknowledgment of the prescriptive period and, here, it is apparent that there was not an acknowledgment but, rather, a settlement which acted as a transaction and compromise of the property damages.
A transaction or compromise is an agreement between two or more persons who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner upon which they agree and which every one of them prefers to the hope of gaining, balanced by the danger of losing. See C.C. art. 3071. Mr. and Mrs. Collins originally sought $1,600 and retention of the salvage of their automobile; however, they ultimately accepted $1,356.34 and retention of the salvage. Therefore, the Collins' gave up the right to claim a higher sum for property damage and the insurance company gave up the right to dispute liability.
The scope of a transaction is delineated in C.C. art. 3073 which states:
"Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them."
In this case the intent of both parties concerning the scope of the transaction is readily apparent because both the check issued by the insurer and the release executed by the Collins clearly indicated that the payment was intended to be in settlement of the property damage. Further, it is obvious that counsel for the plaintiffs realized that prescription was running on other elements of damage as shown in a letter to the insurance adjuster dated August 8, 1980. In that letter, plaintiffs' counsel advised that he was enclosing a copy of a petition which he intended to file in this case. He also made reference to the fact that the claim prescribed in October and stated that for that reason, he had filed suit in the plaintiffs' behalf. No suit was filed but the important fact revealed by the letter was knowledge by plaintiffs' counsel that the claim for other elements of damage would prescribe if suit was not filed by the October prescriptive date.
We find that the court of appeal reached the correct result, but was in error in basing its opinion on Flowers. Accordingly, we affirm the holding that payment of the property damage did not affect the prescriptive *581 period on the other elements of damage for the reasons set forth above.
LEMMON, J., dissents.

On Application for Rehearing
CALOGERO, Justice.
I would grant a rehearing because I now have serious concern as to whether there was indeed a compromise of the property damage portion of Mrs. Collins' claim. Plaintiff's automobile repair estimate was $1337.00. Defendant insurer's automobile repair estimate was $1356.34. When the insurer offered a check in that sum plaintiffs asked for $1600.00, apparently what they construed to be the value of the automobile, apparently simultaneously requesting that they be permitted to keep the badly damaged car. The insurers' retort was that they were due only $1356.34 and that in any event if they took the $1356.34, considering that they were to be entitled to keep the car, salvage value of which had been appraised at $250.00, that insureds were effectively getting assets worth $1606.00. The claimants thereupon kept their car and took the $1356.34. These facts betray a compromise, certainly a compromise under circumstances which do not tacitly acknowledge the insurers liability arising out of the accident. The facts support the conclusion that the insurance company was paying full dollar on the property damage claim. The claimants were, of course, required to sign a release acknowledging that they were due no additional money on the property damage portion of their claim.
I would therefore grant the rehearing to examine the legal question on prescription which the majority on original hearing pretermitted.
The rationale in Flowers v. U. S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1979) supports the trial court's holding that tacit acknowledgement of the debt served to interrupt prescription. The claims adjuster issued a check to Mrs. Collins (and her husband) for "property damage to 1973 Cadillac." In my view, that represents a partial payment of the wife's damages and tacit acknowledgement of the full debt to the wife including the unliquidated personal injury portion of her claim.
The result in Flowers was different because there only the husband received payment and then only relative to property damage and medical expenses to which he alone, as head and master of the community was entitled. Because "legal prescription is personal, and generally benefits only the person with whom it originates or whose right has been acknowledged ..." Flowers, supra at 383, payment to the husband tacitly acknowledged the insurer's debt only to the husband and not to the wife as related to her separate and distinct claim. That was not the case here.
For these reasons I would grant the rehearing.