420 So.2d 1273 (1982)
McKinley SIMMONS, Plaintiff-Appellant,
v.
BARTLEET CHEMICAL, INC. and United States Fidelity & Guaranty Company, Defendants-Appellees.
No. 82-148.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*1274 Emile C. Toups, Lafayette, for plaintiff-appellant.
Gachassin & Capretz, Nicholas Gachassin, Jr., Lafayette, for defendant-appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
McKinley Simmons, plaintiff-appellant, sued Bartleet Chemical, Inc. and its insurer, United States Fidelity & Guaranty Company (USF&G), for personal injuries sustained in an automobile accident. The lower court sustained defendants' plea of prescription and Simmons appeals. Whether plaintiff's claim had prescribed is the issue on appeal. We affirm.
On July 13, 1979, plaintiff, McKinley Simmons, was injured when his automobile was involved in a collision with an automobile owned by Bartleet, insured by USF&G and driven by an employee of Bartleet. After the accident, Simmons hired an attorney to represent him. During October, 1979, the property damage claim resulting from the above accident was settled for $1,650.00. A cancelled check and a letter confirmed this settlement. USF&G's agent, Arlene Signorelli contacted Simmons' attorney by letters dated October 22, 1979, November 29, 1979, January 17, 1980, and March 25, 1980. By the above correspondence USF&G tried to obtain copies of any medical bills, reports or lost wage verification. The attorney for Simmons did not respond to the requests for information sought by USF&G. USF&G closed their file concerning Simmons on July 29, 1980. On November 19, 1980, Simmons' attorney wrote USF&G regarding a possible settlement of Simmons' personal injuries. USF&G replied that the claim for Simmons had prescribed on July 13, 1980, therefore, they would not be in the position to make a settlement with him. It should be noted that from October 1979, to November 1980, a period of one year, USF&G had no contact from either Simmons or his attorney regarding any claim being made by Simmons for his alleged personal injury. On July 8, 1981, Simmons filed a lawsuit for bodily and personal injury damages as a result of the accident which occurred on July 13, 1979. USF&G filed an Exception of Prescription inasmuch as the suit was filed more than one year after the date of the accident. The trial judge ruled in USF&G's favor after a hearing on the exception and dismissed Simmons' suit.
Simmons' claim is predicated upon an offense or quasi-offense within the purview of Louisiana Civil Code Article 2315, the applicable prescriptive period of which *1275 is one year. LSA-C.C. Articles 3536 and 3537. A prima facie showing has been made that the claim has prescribed due to the fact no judicial demand had been made prior to the lapse of one year from the date of the accident. An important question arises whether the running of prescription has been interrupted. The general rule regarding the burden of proof is that when the plaintiff's petition shows on its face that the prescriptive period has run, and the plaintiff contends that there was a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. Cordova v. Hartford Accident and Indemnity Co., 378 So.2d 1088 (La.App.3rd Cir.1979).[1]
Simmons argues that his suit was timely filed because the running of prescription was interrupted. The interruption occurred when USF&G acknowledged their liability by sending letters to Simmons' attorney requesting medical bills, reports and lost wage verifications and by paying the property damage claim.
Louisiana Civil Code Article 3520 provides as follows:
"Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed."
Louisiana Civil Code Article 3520 does not require that such an acknowledgment be in any particular form. It may be made verbally, in writing, by partial payment, by payment of interest, by pledge or in other ways; and it may be inferred from the facts or circumstances. By its terms, Louisiana Civil Code Article 3520 is applicable to the prescription of all rights and actions and the Supreme Court finds no justification in the Civil Code for insulating rights based on offenses or quasi-offenses from its effects. Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980). To constitute an acknowledgment the actions of the defendant must clearly and specifically indicate that the defendant accepts liability. Marathon Insurance Company v. Warner, 244 So.2d 353 (La.App. 2nd Cir.1971). The facts show the adjuster, Arlene Signorelli, expressed a willingness to discuss Simmons' claim. However, her statements and actions in writing the letters did not manifest an intention to admit the company's liability for the personal injuries. In our view, the insurance company never admitted that it owed Simmons for his personal injuries.
The Supreme Court in Collins v. Capital Valve and Fitting Co., 409 So.2d 579 (La. 1982) held that the settlement of property damages resulted in a transaction or compromise. The court looked at Louisiana Civil Code Article 3073 to determine the scope of a transaction or compromise. Louisiana Civil Code Article 3073 states:
"Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them."
The court held based on the above that the payment of the property damage did not affect the prescriptive period on the other elements of damage. In the present case which is similar to Collins v. Capital Valve and Fitting Co., supra, the parties agreed that the payment in October of 1979 was for the property damages only. This settlement was a transaction or compromise. In this case, the intent of both parties concerning the scope of the transaction is readily apparent. Simmons restrictively endorsed the draft to show he settled only the property damage. USF&G issued a letter to Simmons confirming the offer to settle the property damage. The letter states:
"This will confirm our phone conversation wherein United States Fidelity & Guaranty Company offered $1,650.00 to settle Mr. Simmons' property damage. Please present this offer to your client and let me know of the decision..." *1276 In our view, payment of Simmons' property damage claim did not amount to an acknowledgment sufficient to interrupt prescription running against his claim for personal injury damages.
Even if the prescription had been interrupted by an acknowledgment by USF&G, the suit would still not be timely filed. The last possible interruption took place on March 25, 1980, which was a year and five months prior to the filing of the suit. When prescription is interrupted, the prescriptive period starts anew. Therefore, the one year prescriptive period running from the interruption had expired prior to the filing of the suit. In our view, the trial court was correct in sustaining the plea of prescription.
Simmons alternatively argues that under the circumstances defendants are estopped from relying on the prescription of one year as a bar to his claim. To use equitable estoppel, the pleader must prove he relied on the representation or conduct of the other party, the reliance was justified and the position of the plaintiff was changed to his detriment because of his reliance. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
Simmons' reliance was not justified. He was represented by an attorney at all times. The only contact prior to the running of prescription and after the property settlement consisted of four letters sent by USF&G requesting medical information. The record discloses that Simmons did not communicate with the defendants from October, 1979, to November, 1980, approximately one year. An essential element of estoppel, justifiable reliance, is totally lacking in this case. We must conclude that Simmons failed to exercise reasonable diligence in pursuing his claim, and that claim is prescribed under Louisiana Civil Code Articles 3536 and 3537.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] The Supreme Court reversed the court of appeal's decision. Cordova v. Hartford Accident & Indem. Co., 387 So.2d 574 (La.1980). The reversal was based on other grounds. The general rule stated above was not addressed by the court.