LOBRANO, Judge.
Clover Contractors, Inc. (Clover), the original plaintiff in a suit brought against James H. Jones (Jones) and Harry Baker Smith (Smith), instituted the present proceedings seeking to set aside a compromise and settlement entered into in that suit. The District Court refused to rescind the compromise and from that judgment Clover perfects this appeal.
Appellant, Clover, was the general contractor on the MacArthur Shopping Center owned by the appellee Jones. Appellee Smith was the architect engaged by Jones. Clover sued Jones for monies due on the building contract and sued Smith in tort for alleged damage to Clover.
After substantial discovery and submission of trial memoranda the case was called for trial on September 16, 1982. On the morning of the trial all sides engaged in settlement negotiations whereby a compromise agreement was entered into and dictated into the record. Essentially the agreement provided that Clover’s entire claim against Jones would be settled for $206,500.00 subject to setoff by any judgment in favor of Jones on its reconventional demands. Smith agreed to pay $7,500.00 to Clover for a release by Clover and Jones of all claims against Smith.
After the compromise was entered into, Clover filed a motion to rescind same on the basis of mutual error, or in the alternative, unilateral mistake of fact. Clover contends that when it agreed to settle its dispute with Jones for $206,500.00 it was under the mistaken belief that the contract amount less Jones’ payments to date of trial totalled $307,000.00. The $206,500.00 figure was arrived at by subtracting credits due to Jones for punch list items not corrected, work that was to be done on rental units A and B, but was not yet billed for and the repairs made to correct certain other structural problems. Clover contends that it meant to subtract these credits from the contract amount due of $374,-785.68 not from the $307,000.00 which represented the invoices billed to date less payments. Clover argues that to use the lower figure of $307,000.00 would be incorrect since it represents billings for work actually done, whereas some of the credits received by Jones was for work not done. Specifically, Clover alleges that Jones received credit for rental units A and B, when no work had been done or billed, and that this was a mistake of fact which should vitiate the settlement.
On the other hand, Jones contends that Clover was well aware of the various figures, having dealt with them in reference to this dispute for over two years and is now using the defense of mistake because they fear they settled too low. Additionally, Jones argues that the crucial part of the settlement was arriving at a bottom line figure of $206,500.00, a figure that everyone could tolerate, and the supplemental figures, i.e. $307,000.00 which Clover used to make the business decisions to settle are not relevant to the parties’ agreement to accept the final resolution of $206,500.00. Furthermore, Jones argues that Clover had billed him $377,622.00 for work actually completed in rentals A and B.
As cited by this Court in Carlton v. Great American Insurance Co., 273 So.2d 655 (La.App. 4th Cir.1972) writs denied, 277 So.2d 442 the principles of law as stated in Cole v. Lumbermans Mutual Casualty Co., 160 So.2d 785 (La.App. 3rd Cir.1964) are appropriate. We quote from the Cole case, supra, as follows:
“Under the civilian law of obligations, legally given consent of both parties is requisite to the validity of a contract, so that there is no consent and no valid contract where the consent has been produced by error or fraud. LSA-C.C. Arts. 1779, 1819, 1824.
Compromises are a species of contract which cannot be attacked because of error of law, but which may be rescinded because of error of fact, or in the case of fraud. LSA-C.C. Arts. 3078, 3079. However, as stated in McCastle v. Architectural Stone Co., (La.App. 1 Cir.) 4 So.2d 120, 123:
‘As a general rule, a compromise settlement cannot be set aside for an error of *985 law alone, yet if the error was caused by what was said or done by the other party under such circumstances as to lead the person in error to rely on such act or statement, there is such a mistake as will justify setting aside the agreement. C.C. Art. 3079; Reed v. Holderith, (3 La.App.) [378], 379; 15 C.J.S. Compromise and Settlement Sec. 36c, p. 758.’
An error of fact is that ‘which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none.’ LSA-C.C. Art. 1821. It is not every error that will invalidate a contract, only an error as to some point ‘which was a principal cause for making the contract’, including error as to the motive for making the contract. LSA-C.C. Art. 1823.
As to error in the motive, LSA-C.C. Art. 1824 provides: ‘The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent.’ Further, ‘the error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made.’ LSA-C.C. Art. 1825.
Likewise, and it is important to note that the words italicized by this court: ‘No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it.’ LSA-C.C. Art. 1826. Additionally ‘ ⅜ * * wherever the motive is apparent, although not made an express condition, if the error bears on that motive, the contract is void. * * * ’ LSA-C.C. Art. 1827.
[[Image here]]
Such principles also apply to the annulment of a compromise on the ground of error. LSA-C.C. Art. 1828, 1930. ‘But if the compromise be of all differences generally, and there were other subjects of dispute, besides that in which the error existed, of sufficient importance to raise a presumption that, even if the error had been discovered the compromise would still have been made, then such error shall not invalidate the contract.’ LSA-C.C. Art. 181.” Cole, supra, at 787, 788.
Applying those principles to the case at bar, we must agree with the trial court that all parties were familiar with the numbers in dispute. It was immaterial to Jones which combination of numbers was being used by Clover in evaluating the various settlement offers of Jones. Several lower offers than the $206,500.00 settlement were rejected by Clover. Obviously, both parties reached an unhappy number which was nonetheless acceptable. Such is the nature of compromise. The Supreme Court in Collins v. Capital Valve and Fitting Co., 409 So.2d 579 (La.1982) defines compromise as
“... an agreement between two or more persons who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner upon which they agree and which everyone of them prefers to the hope of gaining, balanced by the danger of losing.” at 580.
We are convinced that since the supporting figures of Clover were immaterial to Jones in the compromise negotiations, there was no mutual mistake of fact to invalidate the settlement. Clover however, argues that its unilateral mistake is sufficient to vitiate the settlement.
We agree that a unilateral mistake can form the basis to invalidate a contract, however the other party must be “... apprised that it was the principal cause of the agreement, or unless from the the nature of the transaction it must be presumed he knew it.” Cole v. Lumbermans Mutual Casualty Co., supra; Carl *986 ton v. Great American Insurance Co., supra. At the rule to rescind the compromise, Jones’ attorney testified that he was unaware that Clover’s use of the $307,-000.00 figure was a principal cause of the agreement. To the contrary, he testified that the amount which Clover billed, as well as the items that were billed, were the principal matters of dispute in Clover’s original lawsuit. These are the very items that the parties compromised.
As stated earlier Smith agreed to pay Clover $7,500.00 in settlement of all claims against Smith. As further consideration flowing from Jones to Clover in order to assist Clover’s settlement with Smith, Jones agreed that it would waive its right to proceed against Smith for reimbursement of the $13,000.00 attributed to the brick ledge problem. Both Jones and Smith have indicated in their briefs that they accept this portion of the compromise as valid, thus obviating the need for any further discussion. Since the alleged flaw in the transcription of the settlement provision relates only to the Smith portion of the settlement, and both Clover and Jones testified at the motion to rescind that in all other respects the transcription is accurate, we see no need to discuss this issue further. For the above and foregoing reasons the judgment of the trial court is affirmed. Appellant to bear all costs.
AFFIRMED.