525 So.2d 250 (1988)
Gene KNECHT, et al.
v.
BOARD OF TRUSTEES FOR COLLEGES AND UNIVERSITIES.
No. CA 87 0311.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Michael Murphy, Natchitoches, for Gene Knecht, et al.
David G. Sanders, Baton Rouge, for Bd. of Trustees for State Colleges and Universities.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
From a judgment dismissing their action on an exception of prescription, plaintiffs appeal. We reverse and remand.
This suit was brought by thirty-one employees of Northwestern State University for a determination of their rights relating to compensatory leave time. In 1974 the State Board of Trustees promulgated rules whereby an employee who was required to work more than his regular hours earned *251 compensatory leave equal to the number of extra hours he was required to work (if he was not paid for the extra time) to be used at a future time, and to be accumulated without limitation. Then in 1979, the Board of Trustees abolished compensatory leave without making any provision to credit or compensate employees for the compensatory leave they had accumulated at that time. The university, however, has continued to carry the accumulated compensatory time on its books and show it on the employees' paycheck stubs.
The only issue is whether this case, filed in 1985, has prescribed. Because we find that prescription was continuously interrupted up to the time the case was filed, we need not resolve the dispute over the length of the prescriptive period.[*]
"Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." LSA-C.C. art. 3464. The acknowledgment need not be in any particular form. Flowers v. United States Fidelity and Guaranty Co., 381 So.2d 378, 381 (La.1980) (on rehearing). It may be inferred from the circumstances or from an act of the debtor which either expresses or implies that the right exists. Id. at 382 (quoting 5 Civil Law Translations, Baudry-Lacantinerie & Tissier, Prescription,§529, p. 261; 2 Civil Law Translations, Aubry & Rau, Property, § 215, No. 304, p. 344 (1966)).
Defendants have continuously acknowledged the number of hours of compensatory time due each employee in each employee's statement of earnings on his paycheck stub. We find unpersuasive the Board's argument that the University bookkeeping reflected on the employees' paycheck stubs cannot be construed as its acknowledgment that the compensatory time was due the employees. If indeed all accumulated compensatory time was erased, there was no need to continue to show it on employees' earnings statements. Those statements led the employees to believe that they retained their accumulated compensatory time. Prescription statutes must be strictly construed against prescription and in favor of the obligation sought to be extinguished by it. Odessa House v. Goss, 453 So.2d 299, 302 (La.App. 3d Cir. 1984). Accordingly we find that, at least for prescription purposes, the Board of Trustees did indeed acknowledge the debt of compensatory time to each of these employees.
For the foregoing reasons, the judgment of the trial court dismissing the case on an exception of prescription is hereby reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[*] Plaintiffs claimed the applicable prescriptive period was ten years, while defendant claimed it was one year.