595 So.2d 802 (1992)
Lacy ALEXANDER, Plaintiff-Appellant,
v.
Martha E. MINNIEWEATHER and Hartford Insurance Company, et al., Defendant-Appellee.
No. 23248-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
*803 Hennen & Wright by Patrick H. Wright, Jr., Monroe, for plaintiff-appellant.
Hudson, Potts, & Bernstein by Brian P. Bowes, Monroe, for defendant-appellee.
NORRIS, Judge.
Lacy Alexander appeals a judgment dismissing appellee Hartford Insurance Company on an exception of prescription. We affirm.

FACTS
This case arises out of the alleged misconduct of Mr. Alexander's former attorney, Martha E. Minnieweather.
On October 17, 1987, Mr. Alexander was in Ouachita Parish driving a truck belonging to his employer, U.S. Rentals, Inc. of California. He had parked the truck close to an intersection and was walking away from the vehicle when he was struck by an automobile driven by Ilala K. Lewis. Mr. Alexander subsequently settled with Ms. Lewis and her insurer.
In February 1989, Mr. Alexander hired Ms. Minnieweather to represent him in his uninsured motorist claim against Hartford Insurance Company, his employer's UM carrier. The pertinent policy limit was $10,000. In July 1989, Hartford sent a draft for $7500 in full and final settlement and compromise of the claim to Martha Minnieweather, who signed both the draft and the accompanying release in her own name and Mr. Alexander's as well.
Mr. Alexander claims he first learned of this settlement in December 1989. Ms. Minnieweather contends that she informed him of the offer by telephone in July, and that he authorized her to accept and collect the money for him, as he was out of town.
Through new counsel, Mr. Alexander filed suit against Ms. Minnieweather in March 1990, alleging wrongful conversion of the settlement proceeds. In June 1990, he amended his petition to add Hartford as a defendant, claiming that it was liable for his damages in solido with Ms. Minnieweather and her malpractice carrier. By a second supplemental and amending petition filed in December 1990, Mr. Alexander dropped the allegation that Hartford was solidarily liable with Ms. Minnieweather and her insurer, and limited his claim against Hartford to its policy limits.
Hartford filed exceptions on several grounds, including prescription. The trial court sustained Hartford's exception of prescription and dismissed Mr. Alexander's action against the company.
Mr. Alexander urges on appeal that the trial court erred in finding his claim against Hartford had prescribed. He argues that Hartford acknowledged its liability by tendering the $7500 to his attorney, thus interrupting prescription. La.C.C. art. 3464. Hartford asks that the trial court's judgment be affirmed.

DISCUSSION
Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained. La.R.S. 9:5629. Where it appears that a claim has prescribed under the factual allegations of the petition itself, the burden is upon the plaintiff to show why the claim has not prescribed. Lee v. Succession of Chapman, 463 So.2d 896 (La.App. 2d Cir.1985); Simmons v. Bartleet Chemical, Inc., 420 So.2d 1273 (La.App. 3rd Cir.1982); State ex. rel. *804 Guste v. Thompson, 532 So.2d 524 (La. App. 1st Cir.1988).
Mr. Alexander's petition alleges that he was injured in October 1987; he thus had until October 1989 to file suit against Hartford as his employer's UM carrier. As he did not bring this action until March 1990 and did not add Hartford as a defendant until June 1990, Mr. Alexander's claim against Hartford has prescribed based on the facts alleged in his petition. Under these circumstances, he had the burden of proving why the claim had not prescribed.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La.C.C. art. 3464. Acknowledgment interrupting liberative prescription of a right may be formal or informal, express or tacit. La.C.C. art 3464, Revision Comments (e). Prescription of an unliquidated claim for damages can be interrupted by a tacit acknowledgment by the debtor. Flowers v. USF & G, 381 So.2d 378 (La. 1979). However, recognition of the mere existence of a disputed claim is not an acknowledgment within the contemplation of art. 3464; the acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt prescription. Marathon Ins. Co. v. Warner, 244 So.2d 353 (La.App. 2d Cir.1971).
Mr. Alexander argues that Hartford acknowledged his claim by tendering the $7500 draft in July 1989, thereby interrupting prescription. We disagree. The parties agree that Hartford tendered the draft in full settlement and compromise of Mr. Alexander's entire claim. This action constituted at least an offer to compromise, and perhaps a completed compromise of the disputed claim, rather than an acknowledgment of a debt owed.
A compromise is not an acknowledgment, as the supreme court recognized in Collins v. Capital Valve and Fitting Co., 409 So.2d 579 (La.1982). There, Mrs. Collins's insurer issued a draft to her and her husband to pay for property damage to their car. The court held that this payment did not constitute an acknowledgment of her claim for medical expenses, lost wages and personal injuries, but was instead a "settlement which acted as a transaction and compromise of the property damage." Id. at 580. Citing La.C.C. art. 3071, the court stated that a transaction or compromise is an agreement between two or more persons who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner upon which they agree and which every one of them prefers to the hope of gaining, balanced by the danger of losing. Mr. and Mrs. Collins had given up the right to claim a higher sum for property damage and the insurance company gave up the right to dispute liability. The court thus distinguished Flowers, supra, which held that a tacit acknowledgment of the community claim for medical expenses by partial payment to the husband did not interrupt prescription on the wife's separate claim for personal injuries. The thrust of Collins is that a properly executed settlement agreement must be construed as such. It cannot be viewed as an acknowledgment which would interrupt prescription and allow later claims on the settled cause of action; to reach this conclusion would violate the public policy of this state favoring the compromise of disputes:
Candid and good faith settlement negotiations should be encouraged between the parties to a dispute to implement this policy. If settlement negotiations which do not result in an oral compromise agreement can constitute an acknowledgment of the disputed indebtedness so as to interrupt prescription, then undoubtedly in the future such negotiations will be less candid and less productive. We do not believe that the law should be interpreted to place such a chilling effect on settlement negotiations.
See St. Romain v. Lambert, 521 So.2d 618, 620 (La.App. 1st Cir.), writ denied 523 So.2d 233 (1988).
Moreover, there is no evidence on this record indicating that any representative of Hartford acknowledged liability, expressly or tacitly, to either Mr. Alexander or his attorney. Without evidence of such communication, *805 the act of tendering a check in full settlement (in other words, offering to compromise) cannot constitute an acknowledgement of liability for Mr. Alexander's claim. St. Romain v. Lambert, supra. See also Henderson v. Meshell, 579 So.2d 1113 (La.App. 2d Cir.1991); Frederick v. Aetna Life & Casualty Co., 467 So.2d 600 (La.App. 3rd Cir.1985); White v. Miller, 447 So.2d 1192 (La.App. 5th Cir.), writ denied 449 So.2d 1357 (1984).
Mr. Alexander cites Melton v. USF & G Ins. Co., 531 So.2d 1140 (La.App. 4th Cir. 1988) and Landor v. Allstate Ins. Co., 571 So.2d 843 (La.App. 3rd Cir.1990) in support of the proposition that an insurer's payment of part of the victim's damages constitutes tacit acknowledgment of the insurer's debt and interrupts prescription against it. However, in Landor, the court stated specifically that, unlike the situation presented in Collins, the insurance company's payment of the plaintiff's property damage was not made pursuant to a transaction and compromise. Rather, on plaintiff's written demand, the company promptly paid the full amount of all property damages claimed. The court concluded that this partial payment of the plaintiff's damages interrupted prescription against the balance of her claim arising from the accident. In the instant case, Hartford's tender of $7500 was clearly intended as a transaction and compromise of all Mr. Alexander's potential claims against the company.
In Melton, the insurance company made two payments on the plaintiff's medical bills, and its representative assured the plaintiff that a settlement would be discussed when her treatment ended. The court concluded that the two payments made directly to the plaintiff constituted a tacit acknowledgment of liability for the debt sufficient to interrupt prescription for all claims arising out of the accident. Hartford, however, made no partial payments prior to sending the settlement check.
We are also unpersuaded by Mr. Alexander's argument that the amount of the settlement offer (75% of the policy limit) demonstrated an intent to acknowledge the debt. In the absence of any evidence to the contrary, it appears that Hartford simply made its settlement offer to avoid the cost of litigating the liability issue.

CONCLUSION
For the reasons expressed, we affirm the judgment of the trial court sustaining Hartford's exception of prescription and dismissing Lacy Alexander's claim against the company. Costs of this appeal are assessed against Mr. Alexander.
AFFIRMED.