IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30527
Summary Calendar
_____

HERBERT RAMEY; NORMA RAMEY

Plaintiffs-Appellants,

versus

ALLSTATE INSURANCE COMPANY

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-838-M1
- - - - - - - - - -
November 2, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Herbert Ramey and Norma Ramey (Rameys) appeal the district court's judgment which granted summary judgment for Allstate Insurance Company ("Allstate"). The district court found that Rameys did not file their claim within the prescription period and that the prescription period had not been interrupted. On appeal, the Rameys argue that Allstate did indeed interrupt the prescription period and they should therefore be allowed to proceed with their claims. We disagree.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This case involves an Allstate insurance policy for fire loss and property damage the Rameys secured on a dwelling that was already similarly insured by another party through State Farm. Nonetheless, the Rameys aver that they are the lawful insurable interest in the dwelling. On January 5, 1998, a fire occurred and destroyed the dwelling in question. Immediately thereafter, the Rameys contacted Allstate and informed them of the fire. On January 6, 1998, the Allstate claims representative met with the Rameys and offered them an advance of $5,000 on the contents coverage in the policy. After this meeting, the representative learned that the dwelling was insured by another party and that the legal ownership of the dwelling was in question. Also, it is alleged that on this same day, January 6, 1998, the Allstate representative said that Allstate and State Farm would split the claim.

It is undisputed that the prescription period under both Louisiana law and the insurance policy runs in one year from the date of the fire. La. R.S. 22:691(F). Moreover, it is also undisputed that the Rameys filed suit on September 20, 1999, more than one year after the date of the fire, on January 5, 1998. The Rameys argue, however, that the prescription period was interrupted because Allstate waived it.

"The insurer's conduct can waive the time limitation inserted for its benefit in the policy." *Griffin v. Audubon Insurance Company*, 649 So.2d at 74. "The waiver need not be in writing, but may be evidenced by conduct on the part of the insurer which indicates continuation of negotiations thereby

inducing the insured to believe the claim will be settled without suit." *Id.* Nevertheless, "mere settlement offers of conditional payments, humanitarian or charitable gestures and recognition of disputed claims will not constitute acknowledgments." *Id.* (citing *Lima v. Schmidt*, 595 So.2d 624 (La. 1990)). Moreover "the burden is on the plaintiff to prove interruption of the prescription period." *Washington v. Allstate Insurance Company*, 901 F.2d 1281, 1287 (5th Cir 1990).

As proof of waiver, the Rameys argue that Allstate led them to believe that Allstate waived the prescription period because 1) the Allstate representative on January 6, 1998, said Allstate would split the claim with State Farm, 2) State Farm deposited its portion in the Registry of the Court, and 3) Allstate paid them $5,000 for contents and granted an extension for the production of documents. Yet, four days after the fire, on January 8, 1998, Allstate sent the Rameys a letter indicating that it was reserving all of its rights to deny coverage under the policy because of "pending questions involving ownership of [the] dwelling and possible other question involving insurable interests." Thereafter, Allstate sent a letter on January 27, February 10, and another on March 13, 1998 asserting the same rights.

"Under Louisiana law, an acknowledgment sufficient to interrupt prescription must be clear, concise and express recognition of the right which the creditor claims." *Washington v. Allstate Insurance Company*, 901 F.2d 1281, 1287 (5th Cir 1990)(citing *Simmons v. Bartleet Chemical, Inc*., 420 So.2d 1273,

1275 (La App. 3rd Cir 1982) Importantly, "such acknowledgment must be made with the intention to interrupt prescription." *Id*. Moreover "the burden is on the plaintiff to prove interruption of the prescription period." *Id.* This Court should look to the overall actions for the insurer to determine whether the insurer "led the insured to reasonable believe the insured would not require compliance with the policy provision that suit must be filed within a year." *Id* at 1287-288. Importantly, conditional payments and settlement offers are not enough to prove waiver. *Griffin*, 649 So.2d at 74; *Greeson v. Acceptance Insurance Company*, 738 So.2d 1201, 1204 (La App 1999) . See also La. R.S. 22:651.

Four days after the fire, Allstate made clear that it intended to reserve all rights under the policy. Louisiana jurisprudence provides that a mere settlement offer or emergency payment it gave to the Ramey's is not enough to constitute waiver. Moreover, State Farm putting up money does not affect Allstate's rights because State Farm cannot make an admission on behalf for Allstate. Fed R. Ev. 801(d)(2). Allstate did not waive its rights under the policy. Therefore, the Rameys' claims are barred by the one year prescription period.

For the foregoing reasons, we find that the Rameys fall woefully short of creating a fact issue with respect to waiver. Accordingly, we uphold the judgment of the district court.

AFFIRMED.