676 So.2d 779 (1996)
Ricky James BLANCHARD and Elizabeth M. Blanchard, Plaintiffs,
v.
MISSOURI PACIFIC RAILROAD COMPANY, aka Missouri Pacific Lines and W.A. Mitternight, DefendantsDefendants in Cross-ClaimAppellants,
State of Louisiana, Through Department of Transportation and Development, DefendantPlaintiff in Cross-ClaimAppellee,
The Parish of St. Martin, Defendant.
No. 95-1385.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1996.
*780 Gerald J. Arceneaux, Leonard Louis Levenson, for Ricky James Blanchard et al.
Edward Benjamin Dubuisson, William Hector Howard III, Harry Alston Johnson III, for Missouri Pacific Railroad Co., et al.
Julius Willis Grubbs Jr., New Iberia, for State of Louisiana DOTD.
Before WOODARD, PETERS, and SULLIVAN, JJ.
WOODARD, Judge.
Plaintiffs filed a personal injury suit against the Missouri Pacific Railroad Company, W.A. Mitternight, the Louisiana Department of Transportation and Development, and the Parish of St. Martin. The Parish of St. Martin was dismissed as a party to this suit by the trial court. The Department of Transportation and Development (DOTD) filed a cross-claim seeking indemnity from the other defendants. After a trial on the merits, judgment was rendered in favor of the plaintiffs and DOTD. Subsequent to appeals being perfected, Missouri Pacific and Mitternight reached a settlement agreement with the plaintiffs. The only appeal before us is the appeal by Missouri Pacific and Mitternight of the judgment on the cross-claim. For the following reasons, we affirm.

FACTS
On October 9, 1981, Ricky Blanchard was driving west on Louisiana Highway 3039 just outside of Parks, Louisiana. At about 6:30 in the evening, Blanchard collided with the engine of a northbound train. Blanchard's truck was knocked to the northeast, knocking down a crossing sign and throwing Blanchard from the truck. Blanchard suffered serious injuries, requiring interdiction.
Blanchard and his wife brought suit against the Missouri Pacific Railroad Company (Missouri Pacific); Missouri Pacific's engineer, W.A. Mitternight; and the Louisiana Department of Transportation and Development (DOTD). Blanchard's mother brought a separate suit for loss of consortium; the suits were consolidated prior to trial. DOTD brought a cross-claim for indemnity or contribution against Missouri Pacific and its engineer. Plaintiffs settled with DOTD on the eve of trial, and the suit proceeded to an eight-day jury trial. Blanchard's mother's claim was dismissed at the outset of trial.
The jury returned a verdict finding Missouri Pacific ninety percent at fault, Mitternight five percent at fault, and Blanchard five percent at fault. After post-trial motions, judgment was entered in favor of Blanchard and against Missouri Pacific and its engineer. After Missouri Pacific suspensively appealed that judgment, the court rendered judgment in favor of DOTD on the cross-claim. Missouri Pacific has also appealed that judgment. Missouri Pacific and Blanchard have entered into a settlement agreement, so the only appeal before us is *781 Missouri Pacific's appeal of the judgment on the cross-claim, assigning as error:
1. The trial judge abused his discretion in twice denying motions for continuance made by the appellants, based on the medical condition of appellants' primary defense counsel for the trial.
2. The trial judge erred in entering a second "judgment" in favor of the Department of Transportation and Development on its cross-claim against Missouri Pacific Railroad Company and its engineer, after a suspensive appeal of his first judgment had been granted and he was deprived of jurisdiction.
3. Assuming he had jurisdiction, the trial judge erred in granting recovery in favor of the Department of Transportation and Development on its cross-claim against Missouri Pacific Railroad Company and its engineer on the merits.

JURISDICTION TO RENDER JUDGMENT ON THE CROSS-CLAIM
The record shows that on February 2, 1995, the jury issued its verdict allocating fault between the plaintiff and defendants and assessing damages. The following day, February 3, 1995, the trial court rendered a judgment adopting the jury verdict. On March 1, 1995, the trial court denied Missouri Pacific's motion for new trial and supplemental motion of JNOV. However, the court partially granted a motion for new trial on the issue of damages and, at the same time, adjusted the amount of damages and pretermitted ruling on DOTD's cross-claim and Missouri Pacific's motion for discovery pending submission of briefs by the parties to the cross-claim. On March 31, 1995, Missouri Pacific obtained an order for suspensive appeal of the March 1 judgment. On April 24, 1995, the trial court rendered judgment on the cross-claim, finding in favor of DOTD and awarding $375,000.
Missouri Pacific contends that the trial court had no jurisdiction to make an award on the cross-claim once Missouri Pacific suspensively appealed the judgment on the main demand. We disagree and find that Missouri Pacific's reliance on Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1 Cir.1992), writs denied, 612 So.2d 38, 612 So.2d 37, 612 So.2d 101 (La.1993), is misplaced. In Thibaut, the trial court sought to amend a judgment after an appeal had been granted and suspensive appeal bond filed. On appeal, the court held that once the judgment became final, the trial court no longer had jurisdiction to make a substantive amendment to the judgment. Id. However, in the case before us, the judgment only adjudicated the main demand, not the cross-claim.
According to La.Code Civ.P. art. 2088, the only matters removed from the jurisdiction of the trial court are those matters reviewable on appeal. Art. 2088 contains a list of enumerated exceptions to the divestment of the trial court's jurisdiction once an appeal has been perfected; however, that list is not exclusive. Harden v. Southern Baptist Hosp., 94-2228, 94-2229 (La.App. 4 Cir. 10/12/95), 663 So.2d 443, writ denied, 95-2751 (La. 1/26/96), 666 So.2d 676. Missouri Pacific was granted a suspensive appeal of the judgment dated March 1, 1995. That judgment did not resolve or adjudicate DOTD's cross-claim against Missouri Pacific. In fact, the court specifically declined ruling on the cross-claim until briefs were submitted; therefore, the cross-claim did not become reviewable on appeal by virtue of the March 31 order. Id. Since the trial court was divested of jurisdiction only as to the issues contained in the judgment appealed from, the trial court retained jurisdiction over the cross-claim and did not err in issuing judgment on the cross-claim after the suspensive appeal had been granted. Valet v. City of Hammond, 577 So.2d 155 (La.App. 1 Cir.1991).

THE CROSS-CLAIM
The trial court found Missouri Pacific liable on DOTD's cross-claim for indemnity and awarded DOTD $375,000 plus interest. The apportionment of fault is an issue of fact, and the trial court's findings in this respect should not be disturbed on appeal in the absence of manifest error. Monceaux v. Jennings Rice Drier, Inc., 590 So.2d 672 (La.App. 3 Cir.1991). A finding is manifestly erroneous only if it has no reasonable basis in the record viewed in its entirety. Stobart *782 v. State, Through DOTD, 617 So.2d 880 (La. 1993). Given that the trial court was in the best position to determine which parties were at fault and their respective percentages of fault, great deference is afforded to the trial court's decision. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The evidence shows that Missouri Pacific and DOTD had a master agreement governing the installation of active warning devices at railroad crossings. Under the agreement, DOTD and Missouri Pacific would conduct a joint inspection of crossings which might require safety enhancements. After the inspection, DOTD would make a recommendation to Missouri Pacific concerning the safety upgrade and request engineering plans, cost estimates, and time completion estimates. It then became Missouri Pacific's duty to submit the plans and estimates to DOTD. If the plans and estimates were approved, DOTD would send them to the Federal Highway Administration to obtain federal funding. Once the funding was approved, DOTD would issue a work order to Missouri Pacific, after which Missouri Pacific would become responsible for installing the safety enhancements.
DOTD and Missouri Pacific did make an on-site inspection of the crossing in May, 1979. In June of that year, DOTD recommended the installation of two cantilever flashing signal lights and requested that Missouri Pacific provide plans and estimates. Missouri Pacific never responded to the request. However, Missouri Pacific now claims that the signals were not installed due to DOTD placing the crossing low on the list of priorities and due to a lack of funding, as evidenced in a letter, dated September 24, 1981, by the then Secretary of DOTD. On the contrary, that letter was written well over two years after DOTD had made its request for plans and estimates and only about two weeks before Ricky Blanchard's accident. Under the agreement, DOTD could not obtain or allocate funds for crossing improvements until Missouri Pacific submitted the requested plans and estimates.
Under the circumstances presented herein, the judge could have reasonably concluded that the failure of Missouri Pacific to submit estimates and plans was the central reason the crossing had no flashing lights at the time of the accident and that the legal cause of the accident was Missouri Pacific's untimely delay, not any priority DOTD placed on the crossing. Thus, we find no manifest error in the trial court's allocation of liability on the cross-claim.

THE MOTION TO CONTINUE
Missouri Pacific contends it was prejudiced by the trial court's denial of its motions to continue made on the first and third mornings of trial. Counsel for Missouri Pacific became ill and unable to proceed with or assist in trial just days prior to the trial, and representation was taken over by another counsel in the firm. Missouri Pacific complains that the trial court's refusal to continue the trial resulted in the new trial counsel not knowing of a letter which he could have used to rebut the testimony of a DOTD witness, William Shrewsbury, on the issue of who was at fault for the absence of flashing lights at the railroad crossing. Only after the trial did the defendants apply for a supervisory writ on the denial of the motion to continue; the application for the writ was denied as untimely.
The trial court has wide discretion in deciding whether to grant a continuance, and that decision should not be disturbed on appeal absent a clear abuse of discretion. Moity v. New Iberia Bank, 612 So.2d 140 (La. App. 3 Cir.1992). "A continuance may be granted in any case if there is good ground therefor." La.Code Civ.P. art. 1601. The trial court may abuse its discretion by refusing a continuance requested because of the sudden and bona fide illness of a principal trial counsel. Matthews v. Matthews, 220 So.2d 246 (La.App. 3 Cir.1969), citing Lambert v. Bunge Corp., 169 So.2d 207 (La.App. 4 Cir.1964). However, the absence of counsel at the trial will not entitle the mover to a reversal of the judgment unless there is a showing that, as a consequence, evidence was not produced which might have produced a different result. Hall v. St. Paul Mercury Indem. Co., 86 So.2d 751 (La.App. 1 Cir. 1956).
*783 The evidence Missouri Pacific claims might have produced a different result is the September 24, 1981 letter Missouri Pacific also claims tended to prove DOTD's culpability for the absence of flashing warning lights. In that letter, the Secretary of DOTD simply stated that no funds would be available in the fiscal year 1981-1982 to install the flashing light signals but that there was possibility of obtaining funding in the following fiscal year. As noted above, this letter was written well over two years after DOTD had requested plans and estimates from Missouri Pacific for the flashing light signals. The evidence shows that after DOTD made such a request, Missouri Pacific was bound under contract to submit plans and estimates before funding could be approved. As Missouri Pacific has failed to show that it ever submitted the requested plans and estimates, DOTD obviously could not obtain or allocate any funds for the crossing signals. Therefore, given that DOTD was not in a position to allocate funds, we fail to see how introduction of a letter to that effect could have reasonably changed the result of the trial.

CONCLUSION
For the foregoing reasons, we affirm. The costs of this appeal are taxed against the cross-claim defendants, Missouri Pacific Railroad Company and W.A. Mitternight.
AFFIRMED.