ON REHEARING

|! GONZALES, J.,
Rehearing Granted in Part and Denied in Part.
In its application for rehearing, GMC contends this court failed to address whether Paragraphs 5(B), 7(B), and 10 of the trial court’s June 21, 1999 order violated the terms of the settlement agreement. In footnote 21 of our original opinion, we noted that GMC sought to have the entire June 21, 1999 order vacated, on the grounds that each paragraph constituted an impermissible change to the settlement agreement. However, we declined to address each paragraph of the June 21, 1999 order based on our determination that GMC had failed to brief its objections to said paragraphs and, therefore, was deemed to have abandoned its assignment of error regarding those paragraphs. On rehearing, we find GMC did preserve its challenge to Paragraphs 5(B) and 7(B) of the June 21, 1999 order by briefing these issues on appeal, but failed to preserve its challenge to Paragraph 10 of the June 21, 1999 order.
PARAGRAPHS 5(B) AND 7(B) OF THE JUNE 21, 1999 ORDER
Paragraph 5(B) of the June 21, 1999 order provides:
In connection with the issuance of the Third Party Certificates ... “A written request that the Third Party Certificate be issued in the name of the designated person or entity.” ...
(1) does not have to be on the Original Certificate itself;
|2(2) does not have to be sent simultaneously with the Original Certificate!;] and
(3) may be sent electronically.
Paragraph 7(B) of the June 21, 1999 order provides:
GM’s “General Motors C/K Pickup Truck Certificate Rules” (“Rules”) ... are hereby approved, except that:
The Rules with regard to paragraph 9.0 on page 9 stating: “Requests for Third-Party Certificates must state the name of the transferee and be signed by the Original Certificate holder” are hereby amended by deleting that sentence in its entirety!.]
*10 As discussed in our original opinion, the trial court did not have authority to require the parties in this case to accept a settlement to which they did not agree. We conclude that Paragraph (5)(B)(2) and (3)[1] and a ‘portion of Paragraph 7(B) are contrary to Section III.D of the settlement agreement.
In Section III.D of the settlement agreement, the parties agreed that the exchange of the original $1,000.00 certificate for a third party certificate required that the original certificate be sent “with a written request that the Third Party Certificate be issued in the name of the designated person or entity,” and that “the written request shall state the name and address of the designated person or entity.” The trial court’s determination in Paragraphs 5(B)(2) and (3) that the request for the third party certificate need not be sent simultaneously with the original certificate, and its determination that the request for the third party certificate may be sent electronically, are contrary to the above terms agreed upon by the parties. Further, the trial court’s determination in Paragraph 7(B) to delete a sentence from the GMC Rules requiring that the request for a third party certificate state the name of the transferee is also contrary to Section III.D of the settlement agreement.[2] Therefore, we will modify our original opinion to reverse the June 21, 1999 order regarding Paragraphs 5(B)(2) and (3) and a portion of Paragraph 7.
^PARAGRAPH 10 OF THE JUNE 21, 1999 ORDER
Paragraph 10 of the June 21, 1999 order provides:
Experian, in addition to have been selected to perform function 1, the printing and mail-out of the Final Notice and related materials, is also selected to perform function 2, processing Proofs of Claim and issuing of Original Certificates and function 3, processing requests for and issuing of Third Party Certificates.
In our original opinion, we reversed the June 21, 1999 order insofar as it ordered Experian to perform the final notice/claim form function, based on GMC’s assignment of error that the trial court erred in selecting Experian for this function. However, we did not address the trial court’s determination that Experian would perform the processing of proofs of claims, the issuance of original certificates, the processing of requests for and the issuance of third party certificates, because GMC did not address this issue on appeal. After a review of the record and appellate briefs, we conclude we correctly declined to address this issue.
For the foregoing reasons, rehearing is granted in part, and denied in part. It is granted to address Paragraphs 5(B) and 7(B) of the trial court’s June 21, 1999 order, and it is denied as to Paragraph 10 of the June 21,1999 order.
The decree of the original opinion of this court is modified as follows:
For the foregoing reasons, the June 21, 1999 order of the trial court is REVERSED IN PART AND REMANDED. It is REVERSED insofar as it: ... (4) provides that a written request *11 for a third party certificate does not have to be sent simultaneously with the original certificate and may be .sent electronically, and (5) orders that GMC Rules, Paragraph 9.0 be amended to delete the requirement that “REQUESTS FOR THIRD PARTY CERTIFICATES MUST STATE THE NAME OF THE TRANSFEREE ....” This matter is REMANDED to the trial court for further proceedings consistent with this opinion.
Costs of this appeal are to be shared equally by plaintiffs and GMC.

. Paragraph 5(B)(1) ol the June 21, 1999 order, providing that the request for issuance of the third party certificate need not be on the original certificate itself, is not contrary to Section III.D of the settlement agreement.

. GMC does not challenge the trial court’s deletion of the requirement that the requests for third party certificates be signed by the certificate holder.