JjGONZALES, J.
In this appeal, General Motors Corporation (GMC) challenges a trial court order dated March 15, 2000, requiring GMC to make the first of three payments toward a *723 fund established for a research project to enhance fuel system safety for motor vehicles. GMC previously agreed to fund the research project as part of the settlement of a class action lawsuit against it by owners of certain GMC trucks.[2] After the trial court signed a judgment, on January 20, .1999, approving the settlement, it thereafter issued an order, on June 21, 1999, purportedly addressing the implementation of the settlement. In a separate appeal, GMC challenged the trial court’s June 21,1999 implementation order as making impermissible substantive changes to the terms of the settlement agreement. See White v. General Motors Corporation, 99-2585 (La.App. 1 Cir. 11/3/00), 775 So.2d 492, on rehearing, 99-2585 (La.App. 1 Cir. 1/16/01), 782 So.2d 9. (White I). In the instant appeal, GMC argues the appeal in White I divested the trial court of jurisdiction to issue the March 15, 2000 order requiring GMC to fund the research project. Alternatively, GMC argues its obligation to fund the research project does not exist until the “effective date” of the settlement, which, according to GMC, has not yet occurred under the terms of the settlement agreement. The plaintiffs filed no appellate brief.
JURISDICTION OF THE TRIAL COURT
In its' first assignment of error, GMC argues the trial court erred in ruling it had jurisdiction to order GMC to fund the research project. According to GMC, the appeal in White I “raises issues that directly control [GMC’s] obligation to fund the Research Project,” and, therefore, La. C.C.P. art. 2088 “deprived the trial court of jurisdiction to order [GMC] to fund the Project.”
14According to La. C.C.P. art. 2088,[3] the granting of an order of appeal and the timely filing of an appeal bond, if applicable, divest the jurisdiction of the trial court as to “all matters in the case reviewable *724 under the appeal.” Blanchard v. Missouri Pacific Railroad Company, 95-1385 (La.App. 3 Cir. 6/26/96), 676 So.2d 779, 781, writ denied, 96-1950 (La.11/1/96), 681 So.2d 1269. The matters primarily reviewable under the appeal in White I involved the trial court’s authority: (1) to order the inclusion of a cash option letter in the final notice/claim form mail-out, (2) to order Experian to perform the final notice/claim form function, and (3) to order “GM/Polk” to provide Experian with the necessary database to perform the final notice/claim form function. The matter at issue in the present appeal is whether the trial court had authority to order GMC to begin funding the research project as provided in the settlement.
|/The merits of GMC’s obligation to fund the research project were not reviewable by this court in White I. The June 21, 1999 implementation order appealed from in White I did not address or adjudicate GMC’s obligation to fund the research project or when the payments representing the obligation were to begin. Since the trial court was divested of jurisdiction only as to the issues contained in the June 21, 1999 implementation order appealed from, the trial court retained jurisdiction over the research project funding issue and did not err in issuing the March 15, 2000 order on that issue after the appeal in White I had been granted. Blanchard v. Missouri Pacific Railroad Company, 676 So.2d at 781; Valet v. City of Hammond, 577 So.2d 155, 162 (La.App. 1 Cir.1991). This assignment of error is without merit.
GMC’S OBLIGATION TO FUND THE RESEARCH PROJECT UNDER THE TERMS OF THE SETTLEMENT AGREEMENT
In its second assignment of error, GMC argues that, even if the trial court had jurisdiction to issue the March 15, 2000 order, GMC’s obligation to fund the project does not exist until the “effective date” of the settlement, which, according to GMC, has not yet occurred under the terms of the settlement agreement.
Under Section IV.l of the settlement agreement, GMC agreed to fund a project “to research, develop and implement feasible and practical means to enhance fuel system safety for motor vehicles, in order to reduce the incidence of injuries and deaths resulting from post-collision fires in existing vehicles and future designs of passenger vehicles .... ” Under Section TV.5 of the settlement agreement, the research project “shall be funded following the effective date of the settlement by [GMC’s] payment of a total of $4.1 million paid in equal annual installments for a period of 3 years.” The “effective date of settlement” is defined in Section 11(d) of the settlement agreement as follows:
“EFFECTIVE DATE OF SETTLEMENT” shall be the day on which the Final Order and Judgment described in Paragraph VII.4 below becomes final. For purposes of the Agreement, the Final Order and Judgment shall be deemed to become final on the later of (i) the 61st day after it is entered (the day following the date on which it is no longer subject to review by appeal or otherwise) if no motion for new trial or notice of appeal is filed[,] | fior (ii) if any such documents are filed, on the day following the date on which the Final Order and Judgment is not subject to further judicial review or appeal, either by reason of affirmance by a court of last resort or by reason of lapse of time or otherwise, provided that the [F]inal Order and Judgment are not reversed or substantially modified by the Court or an appellate court.
Thus, according to the above clause, the settlement becomes effective on the day *725 the judgment approving the settlement becomes “final.” If no motion for new trial or notice of appeal is filed, the judgment becomes “final,” and the effective date of the settlement occurs, on the seventy-first day after the judgment’s entry, provided the judgment is “not reversed or substantially modified by the Court or an appellate court.”
It is undisputed that the judgment approving the settlement was signed by the trial court on January 20, 1999, and that no motion for new trial or notice of appeal was thereafter filed. However, the trial court thereafter signed the June 21, 1999 implementation order that was the subject of the appeal in White I. In White I, 775 So.2d at 503, this court determined the June 21, 1999 implementation order imper-missibly changed the terms of the settlement agreement between the parties. Thus, the trial court’s June 21,1999 implementation order constituted a “substantial modification” of its January 20, 1999 judgment, which prevented the judgment from becoming “final,” and prevented the occurrence of the “effective date of the settlement.”
When this court reversed the June 21, 1999 implementation order in part in White I, the trial court’s substantial modification of the January 20, 1999 judgment was in effect “undone.” None of the parties to the litigation sought further relief from the Louisiana Supreme Court regarding our appellate decision in White I. Therefore, the January 20, 1999 judgment approving the settlement became “final” on November 3, 2000, the date this court partially reversed the trial court’s June 21, 1999 implementation order. On that date, the January 20,1999 judgment was not the subject of a motion for new trial or appeal and was no longer burdened by the trial court’s substantial modification.
Thus, we conclude the effective date of the settlement occurred, and GMC’s obligation to fund the research project came into existence, on November 3, 2000. We l7will amend the trial court’s order so that GMC will be required to fund the research project with that date as a reference point.
DECREE
For the foregoing reasons, the March 15, 2000 order of the trial court is AMENDED and, as amended, is AFFIRMED. It is AFFIRMED insofar as it orders GMC to commence funding of the research project. It is AMENDED to change the dates upon which the payments are payable as follows:
The first annual payment in the amount of ONE MILLION THREE HUNDRED AND SIXTY SIX THOUSAND SIX HUNDRED AND SIXTY SIX DOLLARS AND SIXTY SEVEN CENTS ($1,366,-666.67) is due on or before November 2, 2001, which is within the term provided in the settlement agreement.[4] The second and third annual payments, in the same amount as the first, are due on or before November 2, 2002, and November 2, 2003, respectively.
Further, under our supervisory jurisdiction, we order the trial court to carry out the remaining terms of the settlement agreement without further modification or “creative” implementation orders.
*726 Costs of this appeal are to be shared equally by the plaintiffs and GMC.

. For a more detailed factual background regarding this case, see White v. General Motors Corporation, 99-2585 (La.App. 1 Cir. 11/3/00), 775 So.2d 492, on rehearing, 99-2585 (La.App. 1 Cir. 1/16/01), 782 So.2d 9.

. Louisiana Code of Civil Procedure article 2088 provides:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and' sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.

. As noted, under Section IV.5 of the settlement agreement, "[t]he Research Project ... shall be funded following the effective date of the settlement by [GMC’s] payment of a total of $4.1 million paid in equal annual installments for a period of 3 years.” The method of calculating the term within which the annual payments are payable under Section IV.5 was an issue raised before and ruled on by the trial court. See La. C.C. art. 1784. This issue was not raised on appeal.