618 So.2d 12 (1993)
Mary Lachney KEE, Plaintiff-Appellee,
v.
CUCO'S, INC., et al., Defendants-Appellants.
No. 92-685.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
Sam Charles Giordano, Alexandria, for plaintiff-appellee.
Russell L. Potter, Alexandria, for defendants-appellants.
Before STOKER and DECUIR, JJ., and CULPEPPER, J. Pro Tem.[*]
DECUIR, Judge.
In a tort suit, the plaintiff and defendant agreed to a settlement which was recited into the record by their respective attorneys. The tape of the trial court proceeding was lost and the only existing record of the settlement is a minute entry of the trial court. At issue on appeal is whether this minute entry constitutes a writing under La.Civil Code art. 3071 such that the settlement is enforceable, and whether penalties may be recovered under LSA-R.S. 22:1220.

FACTS
Plaintiff, Mary Kee, brought suit against defendant, Cuco's, Inc., and its liability insurer, Gotham Insurance Company, for damages caused by a foreign substance in Mrs. Kee's food served at Cuco's restaurant. The matter was scheduled for trial on November 14, 1991. On the day of trial the parties, through counsel, agreed to a settlement of $13,300.00. This settlement was recited into the record in open court and the matter was concluded.
On December 17, 1991, Kee filed an amended petition seeking penalties and attorney fees under LSA-R.S. 22:1220 for Gotham's failure to pay the settlement within thirty (30) days. On December 23, 1991, a settlement check and release papers were sent to Kee. Kee refused to accept because of certain provisions of the agreement regarding penalties and attorney *13 fees. Kee, subsequently, accepted the settlement check and a release which reserved her right to pursue penalties and attorney fees. Trial on these issues was held on January 31, 1992. The trial court found that the minute entry constituted a "writing" sufficient to make the settlement enforceable under LSA-C.C. art. 3071 and awarded penalties and attorney fees in the amount of $5,000.00, in accordance with the maximum requirements of LSA-R.S. 22:1220. Defendant, Gotham, appeals alleging two (2) errors on the part of the trial court. We reverse.

WRITING REQUIREMENT
By its first assignment, Gotham alleges that the trial court erred in finding the minute entry constituted a writing as required by La. Civil Code art. 3071. We agree.
La.Civil Code art. 3071 provides:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing."
"This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form."
The purpose of the article prescribing the form of a transaction and compromise is to insure proper proof of extra judicial agreements; if such an agreement is recited in open court and is capable of transcription from the record, the agreement will be treated as though it were a written contract. Succession of Morvant, 578 So.2d 549 (La.App. 3rd Cir.1991).
In the present case, the parties made a recital of settlement in open court. However, this recital is not capable of being transcribed because the tape of the proceeding has been misplaced. The trial court relied on the minute entry to fulfill the writing requirement of La.Civil Code art. 3071. This reliance was misplaced.
The minute entry in question stated the following:
"This matter coming in trial this day pursuant to regular assignment was called. Present representing the plaintiff was Sam C. Giordano and Kay Michaels representing the defendant. The parties endorsed a stipulation in the record settling the matter for $13,300.00. All costs assessed against the defendant."
There is no description of the terms of the settlement in this entry, though the clerk testified that some negotiations took place prior to agreement. In fact, this entry is merely the transcription of the clerk's handwritten summary of the proceedings. The trial court felt that the distinction between a minute entry and a transcript was narrow. We must disagree.
Like the law pertaining to the sale of immovable property, this is an area of contractual obligations in which the legislature has decided to require a written instrument for the validity of the transaction. Bourgeois v. Franklin, 389 So.2d 358 (La.1980). The 1981 amendment to La.Civil Code art. 3071 provided a limited exception to the rule, but very clearly required that the recitation in open court be capable of transcription. The need for such a reduction to writing is nowhere more evident than in the present case.
Mrs. Kee's attorney admitted at trial that he anticipated written documentation, in the form of a receipt and release, to follow the in court agreement. When that release was sent, Mrs. Kee declined to accept it without modifications to the agreement. Gotham likewise contends that they anticipated a finalized written settlement. It is this very confusion over the compromise, its terms and the parties acquiescence therein that La.Civil Code art. 3071 sought to eliminate by requiring that a compromise be reduced to writing.
*14 The minute entry alone cannot resolve these issues; the essential elements of the parties agreement were not contained in the record. It is apparent then that the distinction between a transcript of the record, which provides the detailed terms of the settlement, and a minute entry, which merely summarizes the party's words, is actually quite broad. Therefore, we find that the writing requirement for a transaction and compromise enunciated in La.Civil Code art. 3071 is not satisfied by the minute entry of the trial court; thus, the settlement agreement was unenforceable.

APPLICABILITY OF LSA-R.S. 22:1220
By their second assignment, Gotham contends that LSA-R.S. 22:1220 is inapplicable to post litigation action of the insurer. Because we find that there was not an enforceable settlement under the provisions of La.Civil Code art. 3071, we need not address the applicability of LSA-R.S. 22:1220.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal are assessed to appellee, Mary Lachney Kee.
REVERSED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.