796 So.2d 896 (2001)
Mattie F. COMPTON
v.
ST. PAUL FIRE & MARINE INSURANCE CO., et al.
No. 01-386.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
*897 Paul B. Wilkins, W. Mark McKee, Columbia, LA, Counsel for Mattie F. Compton.
Thomas J. Smith, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, Counsel for St. Paul Fire & Marine Ins. Co., and Bryan A. Arender.
Court composed of HENRY L. YELVERTON, BILLIE COLOMBARO WOODARD, and MICHAEL G. SULLIVAN, Judges.
YELVERTON, J.
Mattie F. Compton appeals a judgment granting an exception of prescription filed by the Defendant, St. Paul Fire & Marine Insurance Company. Ms. Compton claims that the trial court erred in finding that she did not timely assert her personal injury cause of action. She claims that St. Paul's conduct amounted to an acknowledgment of its liability, which served to interrupt prescription. We agree with Ms. Compton and reverse.
The accident happened in the early morning of October 16, 1998. Ms. Compton, on her way to work, was driving North on U.S. Highway 165. A van owned by Wheels, Inc. and operated by Bryan Arender, the Defendant's insured, struck her from the rear. Ms. Compton's truck flipped, and she suffered multiple serious injuries. The Louisiana State Police issued *898 Mr. Arender a traffic citation for careless operation of his vehicle.
Ms. Compton's attorney contacted St. Paul through its adjusting agency, G.A.B. Robbins North America, two weeks after the accident. Charlie Beamer, the adjuster assigned to the claim, investigated and told the Plaintiff that her truck was a total loss. On October 29, 1998, G.A.B. Robbins issued a check to Ms. Compton for $2,800.00 representing the full amount of her property damage. On November 24, 1998, after learning what the towing and storage charges were, Mr. Beamer paid Ms. Compton's wrecker service bill of $296.00 for these charges. From then on, according to the evidence, Mr. Beamer requested and the Plaintiff regularly sent to him copies of her ongoing medical expenses.
On October 27, 1999, Ms. Compton filed suit to recover these medical expenses, her lost wages, and damages for pain and suffering. The trial court dismissed the suit after it sustained St. Paul's exception of prescription of one year.
At the outset, we observe that prescription statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished. Lima v. Schmidt, 595 So.2d 624 (La.1992). Thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. Id. Generally, tort actions prescribe one year from the day injury or damage is suffered. La.Civ.Code art. 3492. Ordinarily, the party asserting that prescription has accrued bears the burden of proof. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981). However, where the petition on its face reveals that prescription has run, the burden shifts to the plaintiff to show otherwise. Lima, 595 So.2d 624.
Here, the petition on its face shows that the applicable prescription period has runthe accident occurred on October 16, 1998, while suit was not filed until October 27, 1999. Thus, the Plaintiff had the burden of proving that prescription was interrupted, suspended, or renounced. Ms. Compton argues that St. Paul's actions in handling this matter constituted an acknowledgment of the obligation owed to her, and that the acknowledgment interrupted prescription.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La.Civ.Code art. 3464. Acknowledgment is the recognition of the creditor's right or obligation, and has the legal effect of halting the progression of prescription before it has run. Lima, 595 So.2d 624. If prescription is interrupted, all accrued time is erased and prescription commences anew from the last date of interruption. La.Civ.Code art. 3466.
Except for when dealing with mineral servitudes, an acknowledgment need not be in any particular form. It may be made verbally, in writing, by partial payment of interest or by pledge, or otherwise indicated by the facts and circumstances. Lima, 595 So.2d 624. Delictual claims may even be tacitly acknowledged. Our supreme court has stated:
A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability.... Our courts have added to the above generalizations other criteria that evidence an acknowledgment, including undisputed liability, repeated and open ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescription period.
Lima, 595 So.2d at 634.
This court of appeal has held that full payment of the plaintiff's property damage *899 claim, after demand, served as an acknowledgment of a creditor's right, thereby interrupting prescription. Landor v. Allstate Ins. Co., 571 So.2d 843 (La.App. 3 Cir.1990), writ denied, 575 So.2d 375 (La. 1991). In that decision, we held that the plaintiff's claim for property damage, medical expenses, and personal injury all arose out of her one accident and that the property damage claim was but one element of her total claim. Full payment of the property damage element of this claim was found to constitute a partial payment of her damages and served to interrupt prescription. Id.
Ms. Compton's claim is exactly the same as the one in Landor. Ms. Compton suffered property damage, medical expenses, and personal injury, all arising out of the accident on October 16, 1998. St. Paul, through its agent G.A.B. Robbins, paid her property damage claim, in full, after demand was made upon them. Additionally, St. Paul went on to pay the wrecker charges resulting from the accident. Under Landor, these payments constituted a partial payment of Ms. Compton's damages, and served to interrupt prescription of her claim. Ms. Compton filed her suit within one year of these payments.
The Defendant relies on Collins v. Capital Valve and Fitting Co., 409 So.2d 579 (La.1982) and Alexander v. Minnieweather, 595 So.2d 802 (La.App. 2 Cir.1992). These cases are distinguishable. They considered the effect of payment of property damage claims pursuant to a transaction and compromisean agreement between two or more persons, each making reciprocal concessions, in order to prevent or end a lawsuit. A compromise did not occur here, as St. Paul paid the full value of Ms. Compton's totaled truck, while she made no concession in return. Furthermore, any compromise agreement must be in writing or read in open court under Louisiana Civil Code Article 3071. There is no release or compromise agreement in the record before this court. Therefore, Collins and Alexander lend no support to the Defendant's position.
The Defendant relies on Louisiana Revised Statute 22:661 for its argument that payment of property damages is legislatively permitted without being an admission of liability and that, therefore, such payment could not serve as an acknowledgment. However, Louisiana Revised Statute 22:661 does not state that no payment shall be construed as an admission of liability by the insured; it states that no settlement shall be construed as an admission.[1] A settlement and a payment are two distinct things. Louisiana jurisprudence has consistently equated a settlement with a transaction or compromise.[2] Therefore, settlements are governed by the civil code articles on transaction and compromise, requiring a meeting of the minds and reciprocal concessions, as well as the form requirements discussed above. *900 Here, St. Paul simply paid Ms. Compton for her property damage and wrecker expenses. There was no settlement as envisioned by Louisiana Revised Statute 22:661, and therefore, the statute does not apply.
In addition to the ground for reversal based on Landor, the actions of St. Paul's representative constituted a tacit acknowledgment of their obligation to Ms. Compton under a totality of the circumstances analysis. In Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980), the supreme court stated that an acknowledgment sufficient to interrupt prescription against a delictual action may be inferred from the facts and circumstances of a case. We find that, taken as a whole, the facts surrounding this case imply a tacit acknowledgment by St. Paul.
Only Ms. Compton presented evidence at the hearing on the exception. Included in her evidence is uncontradicted testimony that St. Paul's agent, Charlie Beamer, told Pam Duff, a member of Plaintiff's counsel's staff, that liability would not be disputed as to Ms. Compton's claim. St. Paul offered no evidence to controvert this allegation. Therefore, the only evidence in the record shows that St. Paul admitted liability as to Ms. Compton's claim.
A similar admission occurred in Keller v. National Union Fire Insurance Co., 617 So.2d 893 (La.1993), in which the supreme court ruled that an insurance adjuster's admission of liability interrupted prescription. In that case, the adjuster told the plaintiff that his company never paid more than $1,000.00 in damages unless there was liability; he subsequently paid $1,800.00 to the plaintiff. Id. The supreme court found this payment, in light of his prior statement, to be an admission of liability which served as a tacit acknowledgment. Here, Mr. Beamer told Ms. Compton that liability would not be contested, an even clearer admission than in Keller, and coupled with that admission he actually paid the property damage and towing charges.
For the reasons assigned, we find that prescription was interrupted by acknowledgment and that the suit was filed within the prescription period. The judgment of the district court maintaining the exception is reversed. The exception of prescription is overruled. The case is remanded to the district court for further proceedings. St. Paul Fire & Marine Insurance Company will pay costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] The statute reads:

No settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.
[2] See Kee v. Cuco's, Inc. 618 So.2d 12 (La. App. 3 Cir.), writ not considered, 620 So.2d 852 (La.1993); Constans v. Choctaw Transport, 97-863, 97-864 (La.App. 4 Cir. 12/23/97); 712 So.2d 885, writs denied, 98-408, 98-412 (La.3/27/98); 716 So.2d 892; In re Peter, 98-701 (La.App. 4 Cir. 12/23/98); 735 So.2d 665; White v. General Motors, 99-2585 (La.App. 1 Cir. 11/3/00); 775 So.2d 492, on rehearing in part on other grounds, 99-2585 (La.App. 1 Cir. 1/16/01); 782 So.2d 9.