917 So.2d 1164 (2005)
Joyce BEALER, Wife of/and Ellis Bealer, Jr.
v.
Herman VANCOURT, Jr. and State Farm Mutual Automobile Insurance Company.
No. 05-CA-296.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
*1165 Jonathan P. Friedman, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Kelly C. Ellis, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiffs, Joyce and Ellis Bealer, appeal a judgment of the trial court sustaining an Exception of Prescription filed by defendants, Herman Vancourt, Jr. and State Farm Mutual Automobile Insurance Co. ("State Farm"), and dismissing plaintiffs' lawsuit. For the reasons which follow, we affirm.

FACTS AND PROCEDURAL HISTORY
This case arises from a motor vehicle accident that occurred on June 25, 2003 in Jefferson Parish. According to plaintiffs, Ellis Bealer was operating his vehicle westbound on Van Trump Street and he stopped at its intersection with LA 23 Franklin Street. Suddenly, a vehicle driven by Herman Vancourt, Jr. proceeded across the intersection, collided with one vehicle and then collided with the Bealers' vehicle, causing damage to the Bealer vehicle and personal injuries to Joyce Bealer, who was riding as a passenger.
In a letter dated July 8, 2003, Mr. Vancourt's insurer, State Farm, indicated that it would pay for the repair of the Bealers' vehicle. Records from State Farm indicate that it paid $4,079.98 for repairs to the Bealers' vehicle and $626.23 for the Bealers' rental car expenses. On July 7, 2004, plaintiffs filed suit against Mr. Vancourt and State Farm, asserting that Mrs. Bealer suffered mental and physical injuries as a result of this accident and seeking general and special damages.
On August 23, 2004, defendants filed a Peremptory Exception of Prescription, asserting that plaintiffs' claims against them had prescribed, because suit was not filed within one year after the accident. Plaintiffs filed an opposition to defendants' exception, arguing that their case had not prescribed, because State Farm's payment of their property damage and rental car expenses interrupted prescription.
A hearing on defendant's Exception of Prescription was held on January 18, 2005. At the conclusion of the hearing, the trial court granted defendants' exception and dismissed plaintiffs' lawsuit. A judgment reflecting this ruling was signed by the trial court on January 25, 2005. It is from this judgment that plaintiffs appeal.

LAW AND DISCUSSION
On appeal, plaintiffs argue that the trial court erred in granting defendants' Exception of Prescription, because prescription was interrupted when State Farm paid plaintiffs' property damage and rental car expenses in full. Defendants *1166 respond that State Farm's payment of property damage and rental car expenses did not interrupt prescription and that the trial court properly maintained their exception.
In Louisiana, tort actions generally prescribe one year from the date the injury or damage is sustained. LSA-C.C. 3492; Gary v. Camden Fire Ins. Co., 96-0055 (La.7/2/96), 676 So.2d 553, 555. Although the party pleading prescription ordinarily has the burden of proof, when the petition reveals on its face that prescription has run, the burden shifts to the plaintiff to show that prescription was either suspended, interrupted, or renounced. Lima v. Schmidt, 595 So.2d 624, 628 (La. 1992). Pursuant to LSA-C.C. art. 3464, prescription which has not yet accrued can be interrupted by the debtor's acknowledgement of the right of the person against whom he had commenced to prescribe. Sotomayor v. Lewis, 95-2520 (La. App. 4 Cir. 4/24/96), 673 So.2d 1201, 1202. An acknowledgment can be oral, in writing, formal, informal, express, or tacit. Id. at 1203. In Lima v. Schmidt, supra at 634, the Louisiana Supreme Court stated that "[a] tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability." The Court also noted that "mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments."
The accident at issue in this case occurred on June 25, 2003. Plaintiffs did not file suit until July 7, 2004. Accordingly, because the petition has prescribed on its face, the burden is on the plaintiffs to show that prescription has not run. Plaintiffs argue that prescription was interrupted by State Farm's full payment of property damage and rental car expenses. They cite Landor v. Allstate Ins. Co., 571 So.2d 843 (La.App. 3 Cir. 12/12/90), writ denied, 575 So.2d 375 (La.2/8/91) and Compton v. St. Paul Fire and Marine Insurance Co., 01-386 (La.App. 3 Cir. 10/3/01), 796 So.2d 896 in support of their position.
In Landor v. Allstate, supra, the Third Circuit held that payment in full, after demand, of an injured motorist's property damage claim, interrupts the running of prescription. In Compton v. St. Paul Fire and Marine Ins. Co., supra at 900, the Third Circuit held that an insurer's payment in full of plaintiff's property damage and wrecker expenses was not a settlement under LSA-R.S. 22:661, which provides that settlement of a property damage claim under a motor vehicle insurance policy shall not be construed as an admission of liability with respect to any other claim arising from the same accident. Accordingly, the Court held that the full payment of property damage in that case was an acknowledgement of a debt that interrupted prescription and allowed the prescriptive period to begin anew. Id.
Although the Third Circuit cases of Landor and Compton lend support to plaintiffs' argument, jurisprudence from the Second and Fourth Circuits supports defendants' position that plaintiffs' claims have prescribed. In Rosen v. State Farm Mutual Automobile Insurance Co., 03-1744 (La.App. 4 Cir. 3/17/04), 870 So.2d 1057, 1067, writ denied, 04-964 (La.6/4/04), 876 So.2d 92, the Fourth Circuit found that the plaintiffs failed to prove that there was an acknowledgement of liability sufficient to interrupt the prescriptive period for tort actions where the insurer paid for the plaintiffs' property damage in full. The Court noted that the insurer had not paid any medical expenses and the adjuster's comments that she would be willing to discuss settling plaintiff's personal injury *1167 claim were simply a recognition of a disputed claim, not an admission of liability for injuries or an acknowledgement. Id. at 1066. In Waller v. Stuckey, 613 So.2d 643, 646 (La.App. 2 Cir.1993), writ denied, 618 So.2d 409 (La.1993), the Second Circuit held that prescription was not interrupted when a liability insurer paid for property damage arising from an accident and sent forms to the accident victim for information regarding personal injuries. The Court held that the mere recognition of a disputed claim for personal injuries and the payment of property damage did not constitute an acknowledgment of liability sufficient to interrupt the running of prescription.
We have considered the conflicting jurisprudence among the circuits, and we agree with the opinions of the Second and Fourth Circuits, that an insurer's payment of property damage does not constitute an acknowledgement of liability sufficient to interrupt prescription for other claims arising from the accident. Accordingly, we find that State Farm's payments of property damage and rental car expenses to the Bealers did not constitute an acknowledgment sufficient to interrupt prescription.
Plaintiffs further contend that, under the totality of the circumstances, State Farm lulled her into believing that they would pay for her personal injury damages without filing suit. Because the petition on its face reveals that prescription has run, it is the Bealers' burden to show that they were lulled into believing that State Farm would pay for Mrs. Bealer's medical expenses and injuries.
At the hearing on defendants' exception, Joyce Bealer testified that she spoke with at least nine State Farm representatives who gave her conflicting messages regarding the status of her case. She indicated that one State Farm adjuster advised her to find a doctor and State Farm would take responsibility for her medical bills. She testified that another adjuster advised her to wait until all of her medical treatment was completed and State Farm would pay her medical expenses at that time. Mrs. Bealer indicated that, due to her conversations with State Farm adjusters, she believed that State Farm would pay for her medical treatment even after one year had elapsed.
However, Mrs. Bealer also admitted that she received a letter from State Farm dated January 10, 2004, which stated in part:
.... this is to advise you have one year from the date of accident to settle all claims arising from this loss. In order to extend your claim beyond the one year statute, a lawsuit must be filed on your behalf.
She also acknowledged received a letter from State Farm dated April 28, 2004, stating in pertinent part:
This is to advise that in Louisiana you have one year from the date of the accident to settle all claims arising from this loss. In order to extend your claim beyond the one year statute, a lawsuit must be filed on your behalf.
When testimony is presented on an exception of prescription, we review the trial court's factual conclusions under the manifest error standard. Rosen, supra at 1066; Crain v. Pletka, 35,636 (La.App. 2 Cir. 1/23/02), 806 So.2d 950, 954. After considering the testimony of Mrs. Bealer and the exhibits presented at the hearing, the trial court stated in pertinent part:
As far as "lulling to sleep," usually it's a contra non valentum type argument where someone has done something to their detriment.
I understand someone not familiar with insurance and claims having problems, *1168 but I do find that the two letters of January 10th and April 28th go far and beyond what I've seen in most cases where someone actually not only said but they tell you that you have to file a suit, more so than any other thing, I mean most of the time it's all verbal. And they come out and tell you, "To extend your claim beyond the one year, a lawsuit must be filed on your behalf." That is said twice. Where there is no duty of someone who is your opponent. This is not your own insurance company, this is an opponent. Just like me against you or you against me. You're asking the person you're suing to help you. That's not the same as your own insurance company.
So I believe that the letters, if nothing else, over and above board would do away with any lulling to sleep, because they specifically set forth what needs to happen.
Considering the testimony and evidence in this case, we cannot say that the trial court was manifestly erroneous in finding that the Bealers failed to carry their burden of proving that State Farm lulled them into believing they would pay for Mrs. Bealer's injuries without filing suit. Accordingly, because the plaintiffs failed to establish that there was an acknowledgement sufficient to interrupt prescription, we find that the trial court did not err in granting defendants' Exception of Prescription and dismissing plaintiffs' lawsuit.

DECREE
For the reasons set forth above, we affirm the judgment of the trial court sustaining defendants' Exception of Prescription and dismissing plaintiffs' lawsuit.
AFFIRMED.