RAFAEL PEREZ

VERSUS

JAMES SHOLAR AND ENTERGY
LOUISIANA, LLC

NO. 22-CA-169

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 815-714, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

December 14, 2022

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

**AFFIRMED**
 **JJM**
 **MEJ**

**DISSENTS WITH REASONS**
 **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
RAFAEL PEREZ
        Miguel A. Elias
        Paula J. Ferreira
        Donald A. Mau

COUNSEL FOR DEFENDANT/APPELLEE,
JAMES SHOLAR AND ENTERGY LOUISIANA, LLC
        Kim M. Boyle
        Allen C. Miller, Sr.
        Ashley J. Heilprin
        Rebecca Sha

**MOLAISON, J.**

This matter arises from an automobile accident that occurred on August 5, 2019 when a vehicle driven by the plaintiff, Rafael Perez, was struck by a vehicle driven by the defendant, James Sholar, in the course and scope of his employment with Entergy Louisiana, LLC ("Entergy"). Mr. Perez appeals the trial court judgment that granted the exception of prescription filed by the defendants, Entergy and Mr. Sholar. For the reasons that follow we affirm.

FACTS AND PROCEDURAL HISTORY

On July 31, 2020, Mr. Perez filed a personal injury lawsuit against the defendants in the 19th Judicial District Court, alleging that he sustained injuries when he was struck by Mr. Sholar's company vehicle while Mr. Sholar was in the course and scope of his employment with Entergy. Entergy was served on August 10, 2020 and Mr. Sholar was served on August 17, 2020. The defendants filed a declinatory exception of improper venue and a peremptory exception of prescription. The plaintiff agreed that suit was filed in the improper venue but disputed that the matter was prescribed. The defendants agreed to withdraw their exception of prescription without prejudice. Thereafter, on January 11, 2021, the court issued a stipulated judgment and order sustaining the exception of improper venue, ordering that the withdrawn exception of prescription is moot, and transferring this matter to the 24th Judicial District Court.

On February 3, 2022, the defendants filed a peremptory exception of prescription arguing that because the plaintiff filed suit in the wrong venue and did not serve either defendant within the one-year prescriptive period, the plaintiff's claims are prescribed and should be dismissed with prejudice. On February 15, 2022, the plaintiff filed an opposition to the exception of prescription arguing that by issuing a check to the plaintiff in the amount of $1,102.41, Entergy tacitly acknowledged the plaintiff's claim thereby interrupting prescription. At the

conclusion of the hearing held on February 24, 2022, the trial judge took the matter under advisement. On March 14, 2022, the trial court issued judgment granting the exception of prescription.[1] This timely appeal follows.

LAW AND DISCUSSION

The function of the peremptory exception, which includes prescription, is to have the plaintiff's action "declared legally nonexistent, or barred by the effect of law;" thus the grant of this exception will dismiss or defeat the action. Farber v. Bobear, 10-0985 (La. App. 4 Cir. 1/19/11), 56 So.3d 1061, 1069, citing La. C.C.P. arts. 927 and 923, respectively. Generally, the defendant has the burden of proof at the trial of the peremptory exception of prescription. Conversely, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Hence, when the petition shows that a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some fashion. Woods v. Cousins, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, writ denied, 12-2452 (La. 1/11/13), 107 So.3d 617 (internal citations omitted).

At the trial of a peremptory exception of prescription, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Woods, supra, 102 So.3d at 978, citing La. C.C.P. art. 931. The appellate standard of review of a trial court's ruling on a peremptory exception of prescription is determined by whether evidence is introduced. Wells Fargo Financial Louisiana, Inc. v. Galloway, 17-0413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting

---

[1] On June 13, 2022, the trial judge issued an "Amended Final Judgment With Prejudice" to include the necessary decretal language required by La. C.C.P. art. 1918. The amended judgment orders that all claims by the plaintiff against the defendants are dismissed with prejudice.

the facts alleged in the petition as true. DeFelice v. Federated Nat'l Ins. Co., 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426. However, when evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. Id. Under the manifest error standard of review, in order to reverse a factfinder's determinations, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993).

Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the date the injury is sustained. La. C.C. art. 3492. La. C.C. art. 3462 provides:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

In his petition, Mr. Perez alleged that he was injured in an accident that occurred on August 5, 2019; accordingly, under La. C.C. art. 3492, he had one year from that date to file suit. The record indicates that though the petition was filed on July 31, 2020, it was filed in an improper venue - 19th Judicial District for the parish of East Baton Rouge. It is undisputed that Entergy was not served until August 10, 2020 and Mr. Sholar was not served until August 17, 2020, after the one-year anniversary date of the accident.

In the exception of prescription filed February 3, 2022 and on appeal, the defendants argue that pursuant to La. C.C. article 3462, the filing of the petition in improper venue combined with the service upon the defendants after the running of

22-CA-169                                  3

prescription confirms that prescription was not interrupted. The defendants contend that there was no express or tacit acknowledgement of acceptance of liability to interrupt prescription.

Defendants explain that Entergy contracts with Worley Co., ("Worley") to conduct claims investigations and as such Worley investigated plaintiff's accident. According to the exhibits introduced by defendants at the hearing on the exception, on August 13, 2019, a claims adjustor at Worley sent a letter to plaintiff's then attorney, Casey Cowley, stating that Worley was investigating this accident on Entergy's behalf. The letter states: "Please note that Entergy have [sic] not accepted liability at this time." On September 6, 2019, a check was issued to plaintiff from Entergy in the amount of $1,102.41. On September 7, 2019, an attorney from plaintiff's current counsel's office sent Worley a letter of representation. In a letter dated September 10, 2019 Worley sent a letter to plaintiff's new counsel stating: "Please note that Entergy Louisiana LLC has not accepted liability at this time." On September 11, 2019, an email from plaintiff's counsel's office was sent to Worley adjuster, Danny Bonin, Jr., stating:

> I just wanted to confirm that liability has been accepted for Rafael Perez…I didn't see anything stating that in the file and I wanted to confirm.

Mr. Bonin replied via email that same day stating: "Entergy is not going to waive any defenses it has in regards to liability."

On July 27, 2020, a representative from plaintiff's counsel's office sent an email to Mr. Bonin asking if he was "able to provide any offers at this time" and further stating "[s]tatute runs on this on 8/5/20." Mr. Bonin responded that he had "no authority" in this matter.

In opposition to the exception of prescription and on appeal, plaintiff argues that the check dated September 6, 2019 was a tacit acceptance of liability by

Entergy. Plaintiff further argues that the "check did not specify the reason it was issued nor did it contain a release." Plaintiff concludes that because both defendants were served within one year of the tacit acknowledgement, prescription was timely interrupted pursuant to La. C.C. art. 3462 and the exception of prescription should be denied.

An interruption in prescription occurs when "one acknowledges the right of the person against whom he commenced to prescribe." La. Civil Code art. 3464. An acknowledgment is a simple admission of liability resulting in the interruption of prescription that has commenced to run, but not accrued. See Demma v. Automobile Club Inter-Insurance Exchange, 08-2810, (La.6/26/09), 15 So.3d 95, 98. An acknowledgement interrupts prescription before it has expired, with the prescriptive period beginning to run anew from the time of the interruption. Bracken v. Payne and Keller Co., Inc., 06-0865 (La. App. 1st Cir. 9/5/07), 970 So.2d 582, 588-89. An acknowledgment involves an admission of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgement. Id. An acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances. Lima v. Schmidt, 595 So. 2d 624, 632 (La. 1992)(superseded by statute on other grounds). If the acknowledgement is tacit, it is necessary to ascertain that the alleged facts imply a definite admission of liability. Reynolds v. Walgreen Co., 21-1049 (La. App. 1 Cir. 6/2/22), 342 So. 3d 975, 984.

In support of his position that Entergy's issuance of a check to plaintiff constitutes a tacit admission of liability, plaintiff cites Mallett v. McNeal, 05-2289, 05-2322 (La. 10/17/06), 939 So. 2d 1254, which held that one form of

22-CA-169                              5

acknowledgment that will interrupt the running of prescription is the tacit acknowledgment resulting when the debtor makes an unconditional payment of a portion of the debt. In Mallett, the insurer issued two checks for property damage, and the Court found that there was no evidence that the plaintiff took the check subject to any conditions, released the insurer from any further obligations, or signed a document evidencing a settlement. However, the Mallett decision does not contains any reference to factual evidence that the insurer disclaimed liability or made a reservation of right as Entergy and its claims adjuster did in this case.

The plaintiff also relies on Young v. Gremillion, 05-802 (La. App. 5 Cir. 3/14/06), 924 So.2d 1285, in which the plaintiff argued that whether the payment of property damages by the insurer constitutes an admission of liability that interrupts the running of prescription turns on whether the payment was part of a settlement or an unconditional payment of part of the claim. Based on the facts in Young, this Court held that when there is an unconditional payment of damages, as distinguished from a settlement, the payment does constitute an admission of liability or acknowledgement that interrupts prescription. However, in Young, there is no reference to any evidence that there were express disclaimers of liability or reservation of rights as the defendants did in this case.

Because evidence was introduced at the hearing on the exception of prescription in this matter, we must review the trial court's grant of the exception under the manifest error standard of review. DeFelice, supra at 426. Under this standard of review in order to reverse the finding of the trial court, this Court must find that there is no reasonable factual basis in the record for the trial court's finding. Stobart, supra at 882. In reasons for granting the exception of prescription, the trial judge stated:

> The exhibits show the parties were aware that the one year anniversary of the accident was imminent. These exhibits also show

the defendants had not accepted liability for this accident nor had they renounced the running of prescription or agreed to its suspension.

Our review of the record indicates that while no evidence has been presented that the check issued by Entergy to the plaintiff included a release or specified that it was for property damage, the evidence indicates that there was no express or tacit acknowledgment of liability by the defendants. Rather, the evidence introduced at the hearing on the exception of prescription indicates that Entergy explicitly denied the acceptance of liability three times before prescription ran. Additionally, in the July 27, 2020 email, a representative from plaintiff's counsel's office acknowledged that the prescriptive period ended on August 5, 2020[2]. Given the specific facts of this case, including the repeated, explicit denials of liability by Entergy, we find no manifest error in the trial court's finding that there was no interruption of prescription and grant of the exception of prescription.

CONCLUSION

After a thorough review of the record and evidence before us and having found no manifest error in the trial court's grant of the exception of prescription, the trial court judgment granting the exception of prescription and dismissing all claims by plaintiff/appellant, Rafael Perez, against defendants/appellees, James Sholar and Entergy Louisiana, LLC, with prejudice is affirmed.

**AFFIRMED**

---

[2] This written acknowledgement on July 27, 2020 by plaintiff's counsel that "statute runs on this on 8/5/20" indicates that plaintiff's counsel did not consider the September 6, 2019 check to have interrupted prescription.

| RAFAEL PEREZ | NO. 22-CA-169 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| JAMES SHOLAR AND ENTERGY LOUISIANA, LLC | COURT OF APPEAL |
| | STATE OF LOUISIANA |

**CHAISSON, J. DISSENTS WITH REASONS**

I respectfully dissent for the following reasons:

This case turns upon whether there was an interruption of prescription that occurred on September 6, 2019, the date upon which Entergy sent a check to the plaintiff. If there was an interruption of prescription on that date, then no subsequent conduct or statements of either party would vitiate or nullify that interruption (including an erroneous statement by plaintiff's counsel that "statute runs on this on 8/5/20"). Because subsequent conduct or statements by the parties would not affect a valid interruption of prescription, the evidence regarding the subsequent statements is irrelevant and should not have been considered by the trial court, or by this Court, in determining whether there was a valid interruption of prescription on September 6, 2019.

Whether there was an interruption of prescription on September 6, 2019, turns on the question of whether the payment made by Entergy on that date was conditional or unconditional. On that point, there is nothing on the face of the check, or sent contemporaneously with the check, that indicates that the check was being sent conditionally, or even what that condition would have been (presumably the condition would be that plaintiff only accept it with an acknowledgement that the check is not an admission of liability on the part of Entergy; however, that simply does not appear anywhere on the face of the check or in any correspondence or document accompanying the check).

In an attempt to cure this deficiency, Entergy urges this Court to rely upon a letter sent by its claims adjuster on August 13, 2019, twenty-four days before the issuance of the check, that states "Please note that Entergy have [sic] not accepted liability *at this time*" (emphasis added). Clearly, this statement contains a temporal element as to when Entergy was not accepting liability. Entergy was at liberty to change its position as to liability at any time subsequent to its statement in the letter of August 13, 2019. By failing to make plaintiff's acceptance of the check on September 6, 2019, conditional upon an acknowledgement that there was no admission of liability at that time by Entergy, Entergy made an unconditional tender to plaintiff at that time and prescription was thus interrupted on that date.

As such, plaintiff's suit, properly filed in Jefferson Parish on July 31, 2020, within one year of the interruption of prescription, was timely filed, and, in my opinion, the trial court was manifestly erroneous in finding

otherwise. I therefore respectfully dissent from the majority opinion, and would reverse the decision of the trial court that sustained Entergy's exception of prescription.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



## FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 14, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-169

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)

| | | |
|---|---|---|
| DONALD A. MAU (APPELLANT) | GRAHAM BRIAN (APPELLANT) | MARIO D. ZAVALA, JR. (APPELLANT) |
| MIGUEL A. ELIAS (APPELLANT) | OMAR OCEGUERA, JR. (APPELLANT) | ALLEN C. MILLER, SR. (APPELLEE) |
| KIM M. BOYLE (APPELLEE) | REBECCA SHA (APPELLEE) | |

### MAILED

ASHLEY J. HEILPRIN (APPELLEE)
ATTORNEY AT LAW
365 CANAL STREET
SUITE 2000
NEW ORLEANS, LA 70130

ADAM M. KLOCK (APPELLANT)
PAULA J. FERREIRA (APPELLANT)
RASHIM J. KHAN (APPELLANT)
ROBERT E. DUHON (APPELLANT)
ATTORNEYS AT LAW
4224 WILLIAMS BOULEVARD
KENNER, LA 70065